**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JAMES I.S. OKOH,**
        **Plaintiff,**

**-vs-**                                     **Case No. 6:03-cv-487-Orl-18DAB**

**STATE OF FLORIDA, DEPARTMENT OF REVENUE,**
        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED DEFENDANT'S AMENDED MOTION FOR TAXATION OF ATTORNEY'S FEES (Doc. No. 43)**
>
> **FILED:** March 24, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant seeks an award of $15,616 for its attorney's fees incurred in defending against claims of employment discrimination. Plaintiff opposes any award of fees.

The American Rule provides that in the absence of legislation providing otherwise, each party must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 244 (1975). Congress has provided limited exceptions to this rule, in employment discrimination cases, which gives the court the discretion to allow a prevailing party, other than the United States, a reasonable attorney's fee in certain federal civil rights cases. When the prevailing party is the

defendant, public policy concerns support a more stringent standard than merely winning the suit. In such a case, the Court may award fees to a prevailing defendant if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). "Frivolous" or "without foundation" means more than the fact that a plaintiff may ultimately lose his case. *Hughes v. Rowe*, 449 U.S. 5 (1980). In determining whether to assess attorney's fees, the District Court must examine 1) whether the Plaintiff established a prima facie case, 2) whether the Defendant offered to settle, and 3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Bd. Of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985).

Here, Plaintiff sued the Florida Department of Revenue for employment discrimination based on national origin, sex and race. Defendant seeks its attorney's fees in a two-page motion (Doc. No. 43) which fails to set forth any argument whatsoever or even mention the Eleventh Circuit standard for such awards. As such the Motion is due to be denied. *See* Local Rule 3.01(a) ("In making any written motion or other application to the Court for the entry of an order of any kind . . . the moving party shall file and serve with such motion or application a brief or legal memorandum with citation of authorities in support of the relief requested.").

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 18, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy