UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES I.S. OKOH,
        Plaintiff,

-vs-                                           Case No. 6:03-cv-487-Orl-18DAB

STATE OF FLORIDA, DEPARTMENT OF
REVENUE,
        Defendant.

## ORDER

THIS CAUSE comes before the Court upon the following: (1) Defendant State of Florida's ("Defendant") motion for attorney's fees (Doc. 43, filed March 24, 2005): (2) Plaintiff James Okoh's ("Okoh" or "Plaintiff") response in opposition (Doc. 48, filed April 15, 2004): (3) the Magistrate's Report & Recommendation to deny attorney's fees (Doc. 49, filed April 18, 2005), and (4) Defendant's objection (Doc. 51, filed April 29, 2005). Plaintiff did not respond to Defendant's objection.

A district court may award attorney's fees to the prevailing party if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). To determine whether a suit is frivolous, "'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting Jones v. Texas Tech Univ., 656 F.2d 1137, 1145 (5th Cir. 1981)). The Eleventh

Circuit instructs district courts to consider the following three factors in determining whether a claim is frivolous: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. Sullivan, 777 F.2d at 1189. While the Eleventh Circuit stated that the factors serve as a "general guideline" and not as a "hard and fast" rule, the Court finds them instructive in this case. Id.

First, Plaintiff failed to establish a prima facie case of discrimination. Second, Defendant submits,[1] and Plaintiff does not dispute,[2] that a settlement offer was made prior to trial. Finally, the Court issued a directed verdict on the case because Plaintiff failed to establish a legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiff. (Doc. 39, March 1, 2005). Defendant satisfied the Sullivan factors and shall be awarded attorney's fees. The Court accordingly declines to adopt the Magistrate's Report & Recommendation and **GRANTS** Defendant's Motion for Attorney's Fees (Doc. 43).

**DONE AND ORDERED** at Orlando, Florida, this 4 day of October, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

---

[1] Doc. 51 at 3.

[2] Plaintiff does, however, take issue with the fact that Defendant did not continue mediation after the first mediation attempt had been cancelled due to fatigue. Doc. 48 at ¶ 10.